```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

JOHN GAYDEN, Jr.,

                Petitioner,        **No. 6:12-CV-6196(MAT)**
-vs-                                           **DECISION AND ORDER**

SUPT. P. CHAPPIUS,

                Respondent.

## I.  Background

Proceeding pro se, John Gayden, Jr. ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is being held in Respondent's custody in violation of his federal constitutional rights. Petitioner's state custody arises from a judgment of conviction entered against him on April 20, 2007, in New York State County Court, Monroe County, following a jury verdict convicting him of one count of Course of Sexual Conduct Against a Child in the First Degree (N.Y. Penal Law § 130.75(1)(b)). Petitioner was sentenced to a determinate term of 22 years imprisonment to be followed by five years of post-release supervision. Petitioner presently is incarcerated at Elmira Correctional Facility.

On April 17, 2012, Petitioner filed the instant habeas petition (Dkt #1) pursuant to 28 U.S.C. § 2254, challenging his state-court conviction on the following grounds: (1) his state-court direct appeal was unfairly delayed; and (2) his

appellate counsel was ineffective. Petitioner asserts that, due to appellate counsel's ineffectiveness, his state-court direct appeal was repeatedly delayed and had not been perfected at the time he commenced his proceeding.

Subsequently, Petitioner moved to "expand the record" in this case. The Court (Payson, M.J.) "interpret[ed] petitioner's request as a motion to supplement the habeas petition," and "granted leave to file additional documentation in support of [the] habeas petition. . . ." See Dkt. #8.

On September 27, 2012, Petitioner filed a "supplemental brief" (Dkt #13) in this Court that not only attached additional documentation, but also asserted a raft of new habeas claims, including the following: the trial court erroneously permitted the prosecutor to expand the charged crimes beyond those alleged in the indictment; the verdict was based on insufficient evidence; Petitioner's Due Process rights were violated by a certain factual stipulation entered into by the parties at trial; the prosecutor engaged in misconduct; trial counsel was ineffective; and Petitioner is actually innocent of the crime for which he was convicted.

On October 19, 2012, Respondent filed a Motion to Dismiss for Failure to State a Claim (Dkt #14). Respondent liberally construed Petitioner's pleadings to mean that Petitioner is purporting to amend his petition to add the new claims asserted in his "supplemental brief," while continuing to press the claims contained in his initial petition. Respondent notes that all but one of Petitioner's claims are unexhausted. In particular, Petitioner, to date, has not asserted his claims of ineffective assistance of appellate counsel in the appropriate procedural vehicle (a petition for a writ of error <u>coram nobis</u> filed in the Appellate Division, Fourth Department, of New York State Supreme Court). Furthermore, Petitioner has not exhausted the new claims contained in his supplemental brief either on direct appeal or via a motion for <u>vacatur</u> pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.10. Respondent notes that the only claim that arguably could be deemed exhausted is the appellate-delay claim. However, as Respondent points out, the crux of that claim is actually appellate counsel's ineffectiveness, which has not been raised and exhausted in a <u>coram nobis</u> petition. Therefore, it does not appear that the appellate delay claim has been exhausted, either.

Petitioner filed a pleading in opposition (Dkt #15) to Respondent's motion, simply asserting that Respondent's "motion is meritless and must fail."

Respondent filed a reply (Dkt #16) and declaration (Dkt #17), explaining that the Appellate Division, Fourth Department, had issued a scheduling order, directing the prosecution to file their opposition brief on direct appeal by December 14, 2012, and scheduling oral argument for early April, 2013.

The Fourth Department issued a decision on June 7, 2013, unanimously affirming Petitioner's conviction. People v. Gayden, 107 A.D.3d 1428, 967 N.Y.S.2d 277, 2013 N.Y. Slip Op. 04157 (4th Dep't 2013). There is no subsequent appellate history with regard to the decision, indicating that the New York State Court of Appeals has not yet ruled on Petitioner's leave application, which Respondent indicates was filed on July 5, 2013. Petitioner's conviction thus apparently has not yet become final, and the one-year statute of limitations applicable to Section 2254 petitions has not commenced running.

On March 28, 2013, Petitioner filed a pleading docketed as a Motion for Miscellaneous Relief (Dkt #19). In it, he seeks "an

–4–

order withdrawing petitioner's supplemental claims registered with this court" and "a hearing concerning his constitutional delay issue . . . submitted in the principal habeas corpus petition in this case" which "issue also include[s] ineffective assistance of appellate counsel." Dkt #19 (ellipsis in original). An exact duplicate of this pleading was submitted to the Court and docketed as a separate Motion for Miscellaneous Relief (Dkt #20).

Respondent filed a declaration (Dkt #21) in response to Petitioner's motions to withdraw and for a hearing. Respondent states that he does not oppose Petitioner's motion to withdraw all of his habeas claims other than those asserting appellate delay and ineffectiveness of appellate counsel. However, Respondent does oppose Petitioner's request for a hearing because it would be immature, inasmuch as the Court has not yet decided Respondent's motion to dismiss and Respondent has not submitted an answer with respect to the appellate delay or ineffective assistance of appellate counsel claims.

This matter was transferred to the undersigned on September 5, 2013. For the reasons discussed below, Respondent's motion to

dismiss is granted, and Petitioner's motions for miscellaneous relief are denied.

## II. Discussion

### A. Exhaustion and Respondent's Motion to Dismiss

Before a federal court can address the merits of any federal issue contained in a petition for a writ of habeas corpus, the petitioner must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). In the alternative, the petitioner must show that "there is an absence of available state corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i),(ii).

"In New York, to invoke one complete round of the State's established appellate review process, a criminal defendant must first appeal his or her conviction to the Appellate Division, and then must seek further review of that conviction by applying to the Court of Appeals for a certificate granting leave to appeal." Galdamez v. Keane, 394 F.3d 68, 74 (2d Cir.) (internal quotation and citation omitted), cert. denied, 544 U.S. 1025 (2005). At this point in time, Petitioner has not yet completed one full

round of New York's established appellate review process, as his application for leave to appeal to the New York Court of Appeals is still pending. In addition, Respondent indicates that according to the Fourth Department's records, Petitioner has never filed a coram nobis petition asserting that his appellate counsel was ineffective. A coram nobis proceeding is the proper vehicle in New York State for exhausting claims of ineffective assistance of appellate counsel. See Aparicio v. Artuz, 269 F.3d 78, 87 n.1 (2d Cir. 2001) ("Coram nobis remains available as a remedy only in those situations not explicitly covered by [C.P.L.] § 440.10. Thus far, its use has been sanctioned by the Court of Appeals only in the context of ineffective assistance of appellate counsel.") (citing People v. Bachert, 69 N.Y.2d 593, 599 (1987); internal citation omitted). Thus none of Petitioner's ineffective assistance of appellate counsel claims—including the claim that appellate counsel unreasonably delayed perfecting his appeal—has been exhausted. Nor has Petitioner filed a collateral motion to vacate the judgment of conviction pursuant to C.P.L. § 440.10, as he acknowledges in his petition that he has filed no state-court pleadings other than a notice of appeal.

In sum, Respondent is correct that all of Petitioner's claims raised in both his initial petition and his supplemental petition are unexhausted. At this point in time, Petitioner's request for habeas relief is premature. See Harris v. Reilly, No. 07-CV-0099 SLT LB, 2007 WL 201173, at *1 (E.D.N.Y. Jan. 23, 2007) (dismissing habeas petition without prejudice where "petitioner's criminal case [was] ongoing, he has not exhausted his available state court remedies, and the instant petition [was] premature").

The original petition and supplemental petition are dismissed without prejudice, with leave to refile, once Petitioner completes exhaustion proceedings as to all claims he wishes to present to this Court. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. Sec. 2254 (stating that if it plainly appears from the face of the petition that petitioner is not entitled to relief, the judge shall make an order for summary dismissal).

Petitioner is advised that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") signed into law on April 24, 1996, provides a one-year statute of limitations for seeking

federal habeas corpus review which runs from the date a conviction is made final as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). For most petitioners, 28 U.S.C. § 2244(d)(1)(A) provides the start-date for the statute of limitations, and their convictions become "final" upon completion of their direct appeals to the state's highest court and the

United States Supreme Court. Williams v. Artuz, 237 F.3d 147, 150 (2d Cir. 2001). Once the New York Court of Appeals denies leave to appeal, a petitioner has ninety (90) days in which to file a petition for a writ of certiorari with the United States Supreme Court seeking review of the state court's decision. Thus, a New York defendant's conviction becomes final ninety (90) days after the New York Court of Appeals denies leave to appeal. E.g., Ross v. Artuz, 150 F.3d 97, 98 (2d Cir. 1998). Petitioner should be cognizant of AEDPA's timeliness requirement and plan accordingly.

Petitioner is further advised that a future petition is not considered "second or successive" where the prisoner's first petition was dismissed without prejudice for failure to exhaust state remedies and he brings a new petition based on the exhausted claims. Harris, 2007 WL 201173, at *1 n.3 (citing Camarano v. Irvin, 98 F.3d 44, 46 (2d Cir. 1996) (per curiam) ("[A]pplication of the gatekeeping provisions to deny a resubmitted petition . . . would conflict with the doctrine of writ abuse. . . .")).

**B.    Petitioner's Motions for Miscellaneous Relief**

Petitioner's request to withdraw the claims raised in his supplemental petition is moot in light of the Court's dismissal of these claims without prejudice, as discussed in the foregoing section.

With regard to Petitioner's request for a hearing, Respondent argues that a hearing would be pointless, because Petitioner's claim that appellate counsel was ineffective in perfecting his appeal, and that his direct appeal was unreasonably delayed, are moot: The Appellate Division's denial of Petitioner's direct appeal has rendered unavailable any habeas relief in connection with the appellate delay and ineffective appellate counsel claims. That is, an unconditional writ is unavailable because Petitioner has never claimed that his appeal was actually prejudiced by his appellate counsel's conduct or by the delay in hearing the appeal. A conditional writ, i.e., ordering that the direct appeal be completed within a certain period of time, is now unnecessary.

**III.    Conclusion**

Accordingly, Respondent's motion to dismiss (Dkt #14) is granted. The petition (Dkt #1) and supplemental petition

(Dkt #13) for a writ of habeas corpus are dismissed without prejudice as premature, with leave to refile.

Petitioner's motions (Dkt ##19, 20) to withdraw and for a hearing are denied.

A certificate of appealability shall not issue as petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is requested to close this case. The Clerk is also directed to return Petitioner's original petition (Dkt #1) and supplemental petition (Dkt #13) to him for his reference. Copies of those documents currently exist on the Court's case management/electronic filing system.

**IT IS SO ORDERED.**

                                       **S/Michael A. Telesca**

                              _____
                                  MICHAEL A. TELESCA
                              United States District Judge

Dated:    September 9, 2013
           Rochester, New York